Jessica Riggin (SBN 281712)
jriggin@rukinhyland.com
Valerie Brender (SBN 298224)
vbrender@rukinhyland.com
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612
Tel: (415) 421-1800
Fax: (415) 421-1700

Attorneys for Plaintiff,
ASHLEY CARATTINI

SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Mason R. Winters (SBN 273639)
mwinters@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
THE TJX COMPANIES, INC., and
HOMEGOODS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY CARATTINI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE TJX COMPANIES, INC. dba HOMEGOODS, a Delaware corporation, HOMEGOODS, INC., a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No. 19-CV-0248 JM (AGS)<br><br>Hon. Jeffrey T. Miller, Courtroom 5D<br><br>**JOINT MOTION TO SUBMIT FEHA CLAIMS TO ARBITRATION AND STAY ACTION**<br><br>Complaint Filed: December 31, 2018<br>FAC Filed:　　　January 22, 2018<br>Trial Date:　　　None set |

1  This Stipulation between Plaintiff Ashley Carattini and Defendants The TJX
2  Companies, Inc., and HomeGoods, Inc. ("Defendants") is made based on the
3  following facts:
4  WHEREAS, Plaintiff and Defendants are parties to an arbitration agreement,
5  the terms of which are set forth in the TJX Arbitration Agreement (the "Arbitration
6  Agreement"), attached hereto as **Exhibit A** and incorporated by this reference;
7  WHEREAS, on April 25, 2016, Plaintiff signed an Associate
8  Acknowledgement Form acknowledging that she was covered by the Arbitration
9  Agreement;
10  WHEREAS, on December 31, 2018, Plaintiff filed the above-captioned
11  lawsuit and on January 22, 2019 filed a first amended complaint (the "Action");
12  WHEREAS, Plaintiff alleges against Defendants causes of action for
13  (1) "Pregnancy Discrimination in Violation of the California Fair Employment &
14  Housing Act (FEHA)" (2) "Harassment Based on Sex in Violation of the FEHA"
15  (3) "Pregnancy Discrimination – Failure to Accommodate" (4) "Failure to Prevent
16  Sex Discrimination in Violation of the FEHA" (5) "Retaliation in Violation of the
17  FEHA" and (6) "Civil Penalties Under Labor Code Private Attorneys General Act."
18  WHEREAS, on February 12, 2019, the parties met and conferred regarding
19  Defendants' intent to file a Petition to Compel Arbitration;
20  WHEREAS, Plaintiff has agreed to voluntarily submit her FEHA claims (her
21  First, Second, Third, Fourth, and Fifth causes of action) to arbitration pursuant to
22  the terms of the Arbitration Agreement and the parties' agreement herein;
23  WHEREAS, the Arbitration Agreement excludes Plaintiff's PAGA
24  representative action (her Sixth cause of action), which will remain in this Court but
25  will be stayed with the Action until the arbitration is resolved;
26  NOW THEREFORE, it is stipulated by and between the Parties that:
27  ///
28  ///

1. Plaintiff will submit her FEHA claims (her First, Second, Third, Fourth, and Fifth causes of action) to final and binding arbitration with AAA in accordance with the terms of the TJX Arbitration Agreement;

2. Plaintiff's FEHA claims are tolled from December 31, 2018 through the date that she files her claims in arbitration with AAA pursuant to the Arbitration Agreement and will be treated as if they were filed in arbitration on December 31, 2018;

3. The arbitration of Plaintiff's FEHA claims will take place in San Diego, California;

4. Defendants shall bear all costs of arbitration unique to the arbitral forum;

5. California law will apply to Plaintiff's claims in the arbitration; and

6. This Action, including Plaintiff's PAGA representative action (her Sixth cause of action), shall remain in this Court and shall be stayed pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. § 1 *et seq.* and Rule 1 of the Federal Rules of Civil Procedure pending the final disposition of the arbitration.

Dated: March 1, 2019        RUKIN HYLAND & RIGGIN LLP

By:    /s/ Valerie Brender
       Valerie Brender
       Jessica Riggin
       Attorneys for Plaintiff

///
///
///
///
///
///
///

Dated: March 1, 2019          SEYFARTH SHAW LLP

By: /s/ Mason R. Winters
Jonathan L. Brophy
Mason R. Winters
Attorneys for Defendants The TJX Companies, Inc., and HomeGoods, Inc.

**Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures manual, I hereby certify that the content of this document is acceptable to Valerie Brender, counsel for Plaintiff Ashley Carattini, and that I have obtained Ms. Brender's authorization to affix her electronic signature to this document.

Dated: March 1, 2019          SEYFARTH SHAW LLP

By: /s/ Mason R. Winters
Jonathan L. Brophy
Mason R. Winters
Attorneys for Defendants The TJX Companies, Inc., and HomeGoods, Inc.

# EXHIBIT "A"

# YOUR VOICE.
# YOUR CHOICE.

## OPEN DOOR

At TJX, we have a long history of treating people with dignity, fairness and respect. As an Associate, we believe you should have the opportunity to speak openly and be treated fairly at all times. The Open Door philosophy encourages all Associates to ask questions or bring ideas, concerns or complaints forward, without fear of reprisal, to your Manager or anyone else who can help guide you to a resolution. Open communication is everyone's responsibility and allows us to maintain a working environment built on honesty, integrity, trust and mutual respect.

Here are some ways you can use the Open Door:



**MANAGEMENT**
The Open Door enables Associates to work directly with their Managers to ask questions, suggest ideas, or voice concerns. There is no formal documentation required – just an open dialogue.

**HR PARTNER**
You may also reach out to an HR Partner responsible for your area. Your HR Partner will listen to your concern and will speak with all appropriate parties to gather additional information. Then, the HR Partner will engage in a discussion with you and a member of management to review the findings in the hopes of reaching a resolution.

**TJX FACILITATOR**
A TJX Facilitator will collect additional information and speak with additional people, if needed. In most cases the Facilitator will be an HR Associate who may not have had any previous contact or knowledge of any of the issues or parties involved.

*Please refer to the Open Door poster in your location for the names and contact information of your local Open Door resources.*

## ARBITRATION

Most issues and concerns are resolved through our Open Door process but as in any organization, on occasion there may be work-related issues or concerns involving legal claims that we cannot resolve. In these instances only, we have a process called individual arbitration. Arbitration is a private process, less formal than court, where covered legal claims between you and the Company (as defined in the Arbitration Agreement) are resolved without filing a claim in court or a class or collective action. In arbitration, the parties choose an independent, neutral third party to hear and resolve the case. For additional information and details on arbitration, please refer to the Arbitration Agreement.

*Only claims covered by the Arbitration Agreement may be submitted to arbitration.*

As a Company, we believe by working together directly through our internal Open Door resources, and our external arbitration resource, there is little we can't resolve.

 

ARBITRATION AGREEMENT

This Arbitration Agreement is a legal contract and covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so. It is your choice.

## 1. How This Agreement Applies

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. Except as it otherwise provides, this Agreement applies to any dispute, past, present or future, arising out of or related to Associate's employment with The TJX Companies, Inc. or one of its affiliates, successors, subsidiaries or parent companies (collectively, "TJX" or the "Company") or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse Associate (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. This Agreement requires all such disputes to be resolved only by an Arbitrator through final and binding arbitration and not by way of court or jury trial. Except as stated in paragraph 5 below, Associate and Company agree that any dispute or controversy covered by this Agreement, or arising out of or relating to interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within 45 miles of where Associate is or was last employed by the Company. The AAA Rules may be found at www.adr.org or by searching for "AAA Employment Arbitration Rules" using a service such as www.Google.com or www.Bing.com or by contacting HR XPRESS (Tel. 888.627.6299) for a copy of the rules. If there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern.

Except as it otherwise provides, this Agreement also applies, without limitation, to any claims under federal, state, local or other applicable law based upon or related to discrimination, harassment, retaliation, defamation (including claims of post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation, breaks and rest periods, termination, tort claims, equitable claims, and all other statutory or common law claims unless explicitly excluded below. The Agreement specifically covers, without limitation, all claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Equal Pay Act, Pregnancy Discrimination Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Polygraph Protection Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, including amendments to all the foregoing statutes, and state and municipal statutes, if any, addressing the same or similar subject matters.

## 2. Limitations On How This Agreement Applies

**This Agreement does not apply to any action filed in any court prior to January 14, 2014.**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.

## 3. Starting The Arbitration And Tolling Of Claims

The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department at the following address: 770 Cochituate Road, Framingham, MA 01701, Attention: General Counsel. The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

All claims in arbitration are subject to the same statutes of limitation that would apply in court. With respect to a covered legal claim the applicable statute(s) of limitation will be tolled during the period in which TJX and the Associate are engaged in the facilitation phase of the Company's Open Door process (the "Tolling Period"). In order to trigger the Tolling Period the Associate must contact his or her HR Partner or call HR XPRESS. The Tolling Period may only be extended by written mutual agreement of the Associate and TJX.

## 4. How Arbitration Proceedings Are Conducted

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator. At a party's request or on the Arbitrator's own initiative, the Arbitrator may subpoena witnesses or documents for discovery purposes or for the arbitration hearing.

## 5. Class Action, Collective Action, and Private Attorney General Waiver

The Associate and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis. Accordingly,

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver"). The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction.

(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver"). The Collective Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction.

(c) There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ("Private Attorney General Waiver"). The Private Attorney General Waiver shall be severable from this Agreement in any case in which a civil court of competent jurisdiction finds the Private Attorney General Waiver is invalid, unenforceable, revocable, unconscionable, void or voidable. In such instances and where the claim is brought as a private attorney general claim, such private attorney general claim must be litigated in a civil court of competent jurisdiction.

Although an Associate will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is invalid, unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

The Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

## 6. Paying For The Arbitration

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. The Company will pay the Arbitrator's and arbitration fees.

## 7. The Arbitration Hearing And Award

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard. Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The Arbitrator shall apply applicable law and will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. The Arbitrator shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.

## 8. An Associate's Right To Decline Participation In The Agreement

**Participation in this Agreement is not a mandatory condition of Associate's employment at the Company, and therefore an Associate may, no later than 45 days from the Associate's date of hire, decline participation in this Agreement.** An Associate who does not want to participate in this Agreement may prepare a signed and dated letter stating that the Associate declines to participate in this Agreement. The letter should include the Associate's Associate Identification Number ("AIN") and the location where the Associate works. The Associate should mail his or her letter to The TJX Companies, Inc., PO Box 2410, Kyle, TX 78640, and should retain a copy of the letter for his or her records. Alternatively, the Associate may decline to participate in this Agreement by accessing the Agreement through myTJX.com and typing the Associate's first and last name in the text field labeled "I decline to participate in this Agreement." **In order to effectively decline to participate, an Associate must indicate his or her desire to decline participation through one of the two methods described in this paragraph no later than 45 days from the Associate's date of hire.**

An Associate who timely declines to participate as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies in court and through a class or collective action without regard to this Agreement.

**If an Associate does not decline to participate in this Agreement within 45 days of the Associate's date of hire, continuing the Associate's employment constitutes mutual acceptance of the terms of this Agreement by the Associate and the Company. An Associate has the right to consult with counsel of the Associate's choice concerning this Agreement.**

## 9. Non-Retaliation

It is against Company policy for any Associate to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Associate believes that he or she has been retaliated against by anyone at the Company, the Associate should immediately report this to the Human Resources Department.

## 10. Enforcement Of This Agreement

This Agreement is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. Except as stated in paragraph 5, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver, Collective Action Waiver, or Private Attorney General Waiver is deemed to be unenforceable, the Company and Associate agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**Each Associate should retain a copy of this Agreement for his or her records.**

**An Associate may decline participation in this Agreement no later than 45 days from the Associate's date of hire, as provided in paragraph 8, above. If the Associate does not decline participation within 45 days of the Associate's date of hire, continuing Associate's employment constitutes mutual acceptance of the terms of this Agreement.**



### TJX Arbitration Agreement - Option to Decline Participation

Welcome to the TJX Your Voice. Your Choice. website

As a recently hired Associate, you have the option to decline participation in the TJX Arbitration Agreement that was included in your New Hire packet. If you wish to decline participation in the Agreement, please follow the steps below:

- Indicate your decision to decline participation in the Arbitration Agreement by selecting the radio button to decline, and enter your first and last name in the box provided
- If under 18 years old, you must obtain a parent or legal guardian's online consent
- Click the Finish button to submit your selection

*Please note that if you do not decline to participate in the TJX Arbitration Agreement within 45 days of your date of hire, continuing your employment constitutes your acceptance of the terms of the Agreement.*

Thank you.



Click here to launch the Agreement.

I UNDERSTAND AND AGREE TO THE USE OF AN ELECTRONIC METHOD OF SIGNATURE TO DEMONSTRATE MY DECISION TO DECLINE PARTICIPATION IN THE TJX ARBITRATION AGREEMENT. I UNDERSTAND THAT MY ELECTRONIC SIGNATURE IS AS LEGALLY BINDING AS AN INK SIGNATURE. I AGREE THAT THIS ELECTRONIC COMMUNICATION SATISFIES ANY LEGAL REQUIREMENT THAT SUCH COMMUNICATION BE IN WRITING. I UNDERSTAND THAT I MAY PRINT A COPY OF THIS AGREEMENT FOR MY RECORDS.

☐ I am 18 years of age or older.

Signature                                                              Date: Friday, January 25, 2019

☐ I decline to participate in this Agreement. [                    ] (Type first and last name)

**Please note your decision to decline is not complete until you type your name next to your selection and click the FINISH button below.**

CONSENT OF PARENT OR LEGAL GUARDIAN (REQUIRED IF ASSOCIATE IS UNDER 18 YEARS OF AGE)

| Parent or Legal Guardian Signature (Type first and last name): | |
|---|---|
| Date: | |

Case 3:19-cv-00248-JM-AGS Document 8 Filed 03/01/19 PageID.233 Page 13 of 16

**REMINDER: In order to submit, you must click FINISH.**

**TJX** THE TJX COMPANIES, INC.

| Home | Certify |

Home: Certification Home My Certification Tasks

Friday, January 25, 2019    Your Voice, Your Choice.

Welcome, Ashley Carattini

Select Tasks: All Tasks ▼    Select Dates: All Dates ▼    Start Date: ▢    End Date: ▢    Set Range

Drag a column header and drop it here to group by that column

| Due Date | Subject | Period Name | Related To | Action | Complete Date |
|---|---|---|---|---|---|
| 06/15/2016 | TJX New Hire Agreement | April 2016 | The TJX Companies > Ashley Carattini | Needs Completion | |

Count: 1

Export to Excel

|◄ ◄ 1 ► ►|   Page size: 10 ▼    1 items in 1 pages

—14—



# #993602923

## ASSOCIATE ACKNOWLEDGMENT FORM

I have received a TJX Arbitration Agreement and understand that I am covered by the Agreement unless I decline to participate, as described in paragraph 8 of the Agreement, within 45 days from my date of hire.

AGREED: The TJX Companies, Inc.

AGREED: __Ashley Carattini__
Associate Printed Name

AGREED: _____
Associate Signature

DATE OF HIRE: __April 25, 2016__

Please retain a copy of this acknowledgment form for your records.

TJX   TJ·maxx   Marshalls   HomeGoods   SIERRA

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) SS.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 3500, Los Angeles, California 90067.

On March 1, 2019, I served the within document(s):

### JOINT MOTION TO SUBMIT FEHA CLAIMS TO ARBITRATION AND STAY ACTION

[X] **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY HAND DELIVERY)** I delivered the within documents to Nationwide Legal, Inc. for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on            , 2019.

[ ] **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with GSO/FedEx. Under that practice it would be deposited with GSO/FedEx on that same day thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

[X] **Electronically by using the Court's CM/ECF System**

Jessica Riggin, Esq.                    Tel: 415-421-1800
Valerie Brender, Esq.                   Fax: 415-421-1700
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612                       *[Attorneys for Plaintiff*
E-Mail: jriggin@rukinhyland.com          *ASHLEY CARATTINI]*
E-Mail: vbrender@rukinhyland.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 1, 2019, at Los Angeles, California.

JAMES AGUILERA

---

PROOF OF SERVICE

54670319v.1